Filed 8/31/23  P. v. Ventura CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G062186 |
| v. | (Super. Ct. No. 05NF2778) |
| JUVENAL RIOS VENTURA, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a postjudgment order of the Superior Court of Orange County, Elizabeth G. Macias, Judge.  Affirmed.

Steven A. Torres, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

\*　　\*　　\*

In 2018, the California Legislature undertook a major change to California's laws pertaining to murder. Effective January 1, 2019, it eviscerated the "felony murder" and "natural and probable consequences" theories of culpability in an attempt to ensure that punishment for murder was aligned with culpability.

First, the Legislature eliminated the natural and probable consequences theory for that crime by providing that "[m]alice shall not be imputed to a person based solely on his or her participation in a crime." (Pen. Code[1], § 188, subd. (a)(3).) Second, it reined in the felony murder rule so that it can only be applied to *nonkillers* if they aided and abetted the killer in committing first degree murder, or they were a major participant in the underlying felony and acted recklessly indifferent to human life. (§ 189, subd. (e).)

To obtain relief under the new section, the defendant must show 1) he was prosecuted for murder under the felony murder rule or the natural and probable consequences doctrine, 2) he was ultimately convicted of first or second degree murder, and 3) and he would not be liable for murder today because of how the Legislature has redefined that offense.

That statute, originally numbered section 1170.95 was subsequently renumbered as section 1172.6. It sets out the new rules for proving murder, establishes the retroactivity of the new statute, and provides a procedural vehicle for those convicted under the discredited theories to challenge their convictions.

We deal here with another of the burgeoning number of cases filed by inmates seeking to take advantage of the changes in the law. Those changes are, not surprisingly, confusing to people who have not received a legal education. And the attorneys appointed to represent these people are often finding themselves forced to admit to the court that their client's misunderstanding of the law means there is no argument that can be made on appeal with a reasonable chance of success. This is such a case.

---

[1] All further statutory references are to the Penal Code.

2

In 2007, appellant was sentenced to 15 years to life for an attempted murder and 14 years was added to that sentence, reflecting enhancements for gang involvement, great bodily injury, and use of a weapon, a total of 29 years. We affirmed his conviction the following year but found sentencing error which caused a reduction of his sentence to 19 years.

The facts, as we summarized them in that affirmance, were that, "After work during the summer of 2005, David Montero went home, took a shower, and then rode his bike to cash his paycheck. As Montero rode his bike, a car traveling behind him eventually caught up to him. Montero noticed there were four or five Hispanic males inside the car and they repeatedly asked for his name as they drove along side of him. Montero surmised the occupants of the car, who were strangers, 'weren't looking for me to be my friend . . .' and so he tried to lose them by cutting across several apartments. However, as Montero attempted to go through the apartments, the car was already there and cut him off.

"Montero testified that as he tried to escape, he went the wrong way, hit some bushes, and had to leave his bike behind as he ran for help back at a school where he had seen two or three people playing soccer. According to Montero, as he ran, two or three occupants in the car got out and chased him. Montero testified that initially he was able to fight off his attackers, but he was eventually overwhelmed by at least four as they hit and kicked him. According to Montero, at first they were 'viciously attacking' him with their fists and feet, and then he saw the knife and he was stabbed [by appellant]." (*People v. Ventura* (Oct. 24, 2008, G039544) [nonpub. opn.], p. 2.)

In 2022, appellant filed this action, seeking relief pursuant to section 1172.6. The trial court appointed counsel for appellant, heard appellant's motion under this section and denied it. He appealed and we appointed counsel to represent him on appeal. Counsel reviewed the record in the case and concluded there was no issue he could argue that had a reasonable chance of success. He did not argue against his client

3

but requested – as the law provides – that we review the case, acknowledging the applicability of *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*). Appellant was notified he had the opportunity to write to us and tell us what issues he thought might be found in the record but did not respond.

*Delgadillo* relieves us of the responsibility of reviewing this record. It is no longer required. But our court, as a general rule, follows *People v. Flores* (2020) 54 Cal.App.5th 266 and *People v. Griffin* (2022) 85 Cal.App.5th 329. We have decided, because of the high stakes involved, to exercise the discretion *Delgadillo* gives us (14 Cal.5th at p. 232) in favor of *Wende* review (*People v. Wende* (1979) 25 Cal.3d 436; *Anders v. California* (1967) 386 U.S. 738).

It should be emphasized that a *Wende* review is not limited to arguments that would necessarily be successful, but merely arguments that could be made, arguments whose proposal would not violate ethical prohibitions about frivolous appeals. Our review of this case was aimed at merely finding something an attorney could ethically argue in favor of reversal. We have made such a review and found nothing.

We have found nothing because appellant does not fall within the terms of the statute he is seeking to apply to his case. There was no application of the felony murder rule or the natural and probable consequences doctrine in his case. The jury was not instructed on those doctrines, and they were not argued by counsel. That removes him from the ambit of section 1172.6. (*People v. Coley* (2022) 77 Cal.App.5th 539, 548.)

4

Appellant's counsel was right.  There is no arguable issue here.  The judgment is affirmed.




BEDSWORTH, ACTING P. J.

WE CONCUR:


GOETHALS, J.


SANCHEZ, J.